**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GREGORY K. KRAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-2696-JAR-JPO |
| | ) |
| EQUUS KANSAS REALTY, L.L.C., and | ) |
| PSS WORLD MEDICAL, INC., d/b/a/ | ) |
| PHYSICIAN SALES & SERVICE, INC. | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM ORDER AND OPINION**

Defendant Equus Kansas Realty, L.L.C. ("Equus") filed a Motion to Dismiss (Doc. 8) Plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule Civil Procedure 12(b)(1). Because Equus is a limited liability company whose members are all residents of states other than Kansas, the Court finds the requisite diversity of citizenship in this case and denies the motion to dismiss.

**I.     Standards**

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2]

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

1

The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3]  "Mere conclusory allegations of jurisdiction are not enough.[4]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[5]  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[6]

**I.  Factual Background**

Defendant Equus factually attacks subject matter jurisdiction, contending that it is a resident of Kansas, the same state in which Plaintiff resides, such that there is not diversity of citizenship in this case.  Given this factual attack, the Court considers the allegations in the First Amended Complaint, as well as other documents.  In this case, Defendant Equus attached to its motion to dismiss an affidavit of Equus Realty CFO Howard Gilles, which the Court considers.

---

[3] *Montoya*, 296 F.3d at 955.

[4] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[6] *Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

And the Court considers documents that Plaintiff attached to his response: Equus's 2011 Limited Liability Corporation Annual Report filed in Kansas; Equus's 2006 Foreign Limited Liability Company Application filed with the Kansas Secretary of State; Equus Computer Systems, Inc.'s (ECS) 1999 Foreign Corporation Application filed with the Kansas Secretary of State; a page from ECS's website, www.equuscs.com/about; and ECS's 2011 For-Profit Corporation Annual Report filed with the Kansas Secretary of State.

Based on the First Amended Complaint, Answer, Equus's Motion to Dismiss with attached affidavit from Howard Gilles, as well as Plaintiff's response with attachments itemized above, the Court takes as true the following undisputed facts. On or about December 29, 2009, Plaintiff Gregory Krapes claims to have been injured in a slip-and-fall incident at 1671 E. Kansas City Road in Olathe, Kansas. Plaintiff was on the premises of Defendant PSS, a tenant in the building at that location. Defendant Equus, who owns the property at 1671 E. Kansas City Road, and operates, maintains and possesses a business office there. Defendant Equus leases space in the building to Defendant PSS. Equus has no employees.

Plaintiff Krapes is a resident of Leavenworth, Kansas. Defendant PSS is a Florida corporation that maintains its principal place of business in Florida. Defendant Equus is a limited liability corporation incorporated in Delaware, and owned by two individuals, Samuel Chuang, who resides in California and Andy Juang who resides in Minnesota. Equus has two corporate officers, both of whom reside in Minnesota, Equus pays property taxes to the state of Kansas and to no other state; and all of Equus's income is earned in the state of Kansas. Equus owns no other property other than the property located at 1671 E. Kansas City Road; and Equus conducts no other business other than leasing the property to tenants at that location.

**II.     Discussion**

Defendant Equus moves to dismiss this action for lack of subject matter jurisdiction, claiming that it is a resident of Kansas, as is Plaintiff Krapes, such that there is not the requisite diversity of citizenship among all parties required for subject matter jurisdiction.  Federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between the plaintiff and the defendants and an amount in controversy exceeding $75,000.[7]  Plaintiff has the burden of establishing jurisdiction and thus the burden to prove by a preponderance of evidence the requisite diversity of citizenship.[8]

Defendant Equus argues that Plaintiff has failed to prove diversity of citizenship because Plaintiff has failed to show that Kansas is not Equus's principal place of business.  Equus points to the fact that its only business is its ownership and operation of property in Kansas, that it is registered to do business only in the state of Kansas, that its only income is earned in Kansas and that Kansas is the only state in which it pays taxes.  Plaintiff Krapes counters that Equus's principal place of business is in Minnesota, where its officers reside, that Equus has no employees in Kansas, and also that Equus is an affiliate of Equus Computer Systems, Inc., a corporation whose principal place of business is in Minnesota.

Both parties miss the mark in asserting that the principal place of business establishes the citizenship of Defendant Equus.  To be sure, the federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated

---

[7]28 U.S.C. §1332.

[8]*United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999).

and of the State where it has its principal place of business."[9] And, after a split among the circuit courts as to the interpretation of "principal place of business," in 2010 the Supreme Court held in *Hertz Corp. v. Friend*,[10] that a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporations' activities." The Court noted that "[l]ower federal courts have often metaphorically called that place the corporation's 'nerve center.'"[11]

But the *Hertz* test applies to corporations, not limited liability corporations. The Supreme Court has never ruled on the issue but has acknowledged that the "Courts of Appeal have held the citizenship of each member of an LLC counts for diversity purposes."[12] The Tenth Circuit has long held that for entities other than corporations, diversity jurisdiction depends on the citizenship of each of the entity's members.[13] *Hertz* did not overrule this longstanding rule for determining the citizenship of limited liability corporations, partnerships and entities other than corporations. Indeed, the "nerve center" test does not appear to be designed for a business that operates in one state and is passively controlled in another by officers who are virtually uninvolved in the business operations. In any event, in this case, given that Equus is a limited liability company whose members are residents of Minnesota and California, it is clear that there is the requisite diversity of citizenship.

---

[9] 28 U.S.C. §1332(c)(1).

[10] 130 S.Ct. 1181, 1186 (2010)

[11] *Id.*

[12] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 n. 1 (2004).

[13] *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.,* 494 U.S. 185 189 (1990)).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Equus's Motion to Dismiss (Doc. 8) is **DENIED.**

**IT IS SO ORDERED.**

Dated: May 30, 2012

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE